UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | Case No. 23-cv-03931-JST<br><br>**ORDER DENYING MOTION TO DISMISS FOR INEFFECTIVE AND UNTIMELY SERVICE OF PROCESS**<br><br>Re: ECF No. 22 |

Before the Court is Defendant Lori Frugoli's motion to dismiss for ineffective and untimely service of process. ECF No. 22. The Court will deny the motion.

## I. BACKGROUND

Otis Bruce brought this action against the County of Marin and District Attorney, Lori Frugoli, after he was terminated from the Marin County District Attorney's Office. He filed his initial complaint on August 4, 2023, two days before the statute of limitations was set to expire on his California Labor Code Section 1102.5 claim. ECF No. 1. However, he had not yet received a right to sue letter from the EEOC or California Civil Rights Department for his Title VII and FEHA claims. ECF No. 30-1 ¶ 6. On October 31, 2023, after receiving his right to sue letters, he filed an amended complaint. *Id*. That same day, his counsel retained One Legal to serve Defendants. *Id.* ¶¶ 6, 7. On November 1, 2023, the process server left copies of the complaint and summons with a clerical employee at the District Attorney's Office and mailed additional copies five days later. Ex. 4, ECF No. 30-1. Frugoli contends this service was ineffective and untimely.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331, 1367.

## III. LEGAL STANDARD

A federal court lacks personal jurisdiction over a defendant unless they have been properly served under Rule 4 of the Federal Rules of Civil Procedure. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Rule 12(b)(5) allows a defendant to move to dismiss the complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Yet absent substantial compliance with Rule 4, "neither actual notice nor simply naming the defendant in the complaint" will suffice. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

## IV. DISCUSSION

### A. Adequacy of Service

"Under Rule 4(e)(1), service on an individual is sufficient if it is carried out under the law of the state in which the district court is located or where service is made, in this case California." *Motul S.A. v. USA Wholesale Lubricant, Inc.*, --- F. Supp. 3d ---, No. 4:22-cv-04841-JSW, 2023 WL 5061945, at *2 (N.D. Cal. Aug. 8, 2023). California Code of Civil Procedure Section 415.20(b) provides that:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her office . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. P. § 415.20(b).

On November 1, 2023, Bruce's process server purported to serve Frugoli under Section 415.20(b) by leaving copies with Zahra Arbelo at the Marin County District Attorney's Office. Ex. 4, ECF No. 30-1. Frugoli argues this was ineffective because Arbelo is a clerical employee and not the person in charge of the office. ECF No. 22 at 6. Rather, Frugoli insists it is herself,

2

the District Attorney, who is in charge of the office and upon who service should have been made. *Id.* Frugoli misreads section 415.20(b). That provision requires only that service be made on "a person *apparently* in charge" of the office. Construing this language, California courts have found it sufficient when service is "made upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1393 (1992) (quotations and citation omitted). Other courts have recognized that clerical employees meet this requirement. *See e.g. Jianhong Zhai v. Ning Liu*, No. CV 16-07242-AB (JEMx), 2018 WL 626257, at *2 (C.D. Cal. Jan. 17, 2018) (finding service on receptionist satisfied the requirement that the copy of the summons and complaint be left with a person apparently in charge of his or her office); *Williams v. Cnty. v. L.A. Dep't of Pub. Soc. Servs.*, No. CV 14-7625 JVS (JC), 2015 WL 5604584, at *6 (C.D. Cal. Aug. 26, 2015) (same). Further, it appears that Arbelo did, in fact, deliver process to Frugoli. Accordingly, the Court finds service through Arbelo was sufficient to effectuate service under Section 415.20(b).[1]

**B.     Timeliness of Service**

Rule 4(m) requires that a defendant be served within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). Under California Code of Civil Procedure Section 415.20(b) service is deemed complete ten days after mailing a copy of the summons and complaint. Cal. Civ. Proc. Code § 415.20(b). Bruce filed his complaint on August 3, 2023, and was therefore required to serve Frugoli by November 2, 2023. Service was not complete, however, until November 16, 2023, ten days after he mailed a copy of the summons to Frugoli at her office. Accordingly, service here was untimely. Bruce does not dispute this. ECF No. 30 at 5.

When service is untimely "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In Re Sheehan*, 253 F.3d

---

[1] In reply, Frugoli argues that substituted service was improper under Section 415.20(b) because Bruce has not shown reasonable diligence was made to personally serve the summons and complaint. ECF No. 34 at 3. The Court recognizes that Bruce briefly discusses the issue of diligence in his opposition. ECF No. 30 at 4–5. Nonetheless, the Court generally does not consider arguments raised for the first time on reply. *See Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

507, 512 (9th Cir. 2001). First, the court must determine whether there was good cause for the delay. *Id.* If plaintiff demonstrates good cause, the court must grant an extension. *Id.* If no good cause is shown, the court has discretion to either dismiss the complaint without prejudice or to extend the time period for service. *Id.*

### 1. Good Cause Under Rule 4(m)

"At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citation omitted).

Bruce has not demonstrated good cause for the delay. He explains that on October 31, 2023, his attorneys hired One Legal to effectuate a "rush" service prior to the November 2nd deadline. ECF No. 30 at 7. On November 1st, Bruce's attorneys received confirmation from One Legal indicating Frugoli had been served. ECF No. 30-1 ¶ 12. They did not, however, anticipate that One Legal would wait several days before mailing the summons and complaint. *Id.* ¶ 14. But as Bruce acknowledges, "it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). His attorneys did not take reasonable steps to ensure Frugoli was timely served. They waited two days before the deadline to attempt service. Their desire to file an amended complaint does not justify the delay as they "could have amended the original complaint after serving it upon the defendants." *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Further, while his attorneys claim they did not anticipate the process server would wait several days before mailing the summons and complaint, they could have done so, as the confirmation sent by One Legal listed the last day of service as November 6, 2023. Ex. 2, ECF No. 30-1. Regardless, even if One Legal had not waited to mail the copies, service would still have been untimely. *See* Cal. Civ. Proc. Code § 415.20(b) (service effective ten days after mailing). Counsel's failure to monitor their process server and ensure they had enough time to effectuate service does not create good cause for the delay. *See Noll v. St. Surfing, LLC*, No.

1   SACV 08-617 AG (MLGx), 2009 WL 10675492, at *2 (C.D. Cal. Sept. 14, 2009).

### 2.     Discretion Under Rule 4(m)

Finding no good cause, the court has discretion to extend the time period for service. *In Re Sheehan*, 253 F.3d at 512. In exercising this discretion, the court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quotations and citation omitted).

Frugoli argues the prejudice she'd face weighs against an extension of time. She claims she would be prejudiced by an extension as she is sued in her individual capacity and would then have to "contemplate whether to engage legal representation for her personal actions." ECF No. 31 at 8. That Frugoli will be subject to the litigation if an extension is granted does not constitute prejudice within the meaning of Rule 4(m). *See Alamzad v. Lufthansa Consulting GMBH*, No. C04-01602 RS, 2005 WL 1869400, at *2 (N.D. Cal. Aug. 4, 2005) ("A defendant losing the benefit of expiration of the statute of limitations has been found not to constitute prejudice within the meaning of Fed. R. Civ. P. 4(m).") Rather, courts consider whether the defendant has been prejudiced by the delay in service. *See Efaw*, 473 F.3d at 1041. Service was delayed here by only 14 days. Moreover, Frugoli received physical copies of the complaint and summons within the deadline. She would not be prejudiced by an extension.

The remaining *Efaw* factors also weigh in favor of a retroactive extension of time for service. Frugoli has actual notice of the lawsuit and has now been served. ECF No. 34 at 7. Further, the statute of limitations would preclude Bruce from refiling his California Labor Code Section 1102.5 claim. Accordingly, the Court grants Bruce a retroactive extension of the service deadline to November 16, 2023, making his service of the summons and complaint timely.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

**CONCLUSION**

Frugoli's motion to dismiss for ineffective and untimely service is denied. Bruce is granted a retroactive extension of the service deadline to November 16, 2023.

**IT IS SO ORDERED.**

Dated: February 12, 2024



JON S. TIGAR
United States District Judge